IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELDON JOHN OLIVER, #27862-045, <br><br>        Petitioner, <br><br>v. <br><br>T.G. WERLICH, <br><br>        Respondent. | Case No. 20-cv-00214-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Sheldon John Oliver, an inmate in the Federal Bureau of Prisons currently incarcerated at Greenville Federal Correctional Institution, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the calculation of his sentence by the Bureau of Prisons and its failure to credit him with almost twenty-six months for time served between his arrest and federal sentencing.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

The calculation, including the execution of a federal prisoner's sentence, can be challenged in a Section 2241 petition. *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). It is not plainly apparent that Oliver is not entitled to habeas relief. Without commenting on the merits of Oliver's claims, the Court concludes that the Petition

survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **April 29, 2020**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Oliver is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 8, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.