## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SHELDON JOHN OLIVER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-214-DWD** |
| | ) | |
| **ERIC WILLIAMS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### ORDER ON PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2241

**DUGAN, District Judge:**

On February 25, 2020, Petitioner Sheldon John Oliver, an inmate in the custody of the Bureau of Prisons incarcerated at FCI-Greenville within the Southern District of Illinois, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Oliver challenges the calculation of his sentence by the Bureau of Prisons, arguing that he has not received due credit for time served. Respondent Eric Williams, Warden of FCI-Greenville, maintains that Oliver's sentence has been calculated accurately by the Bureau of Prisons. For the reasons delineated below, Oliver's petition is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Sheldon Oliver is serving a 120-month term of imprisonment imposed by the United States District Court for the Western District of Missouri. In April 2012, before he was charged by federal authorities, Oliver received a 12-year sentence in the 29th Judicial Circuit Court, Jasper County, Missouri in Case No. 11AO-CR01266-01. On February 23, 2015, while no longer in physical custody on his state sentence, Oliver was

1

arrested in Jasper County, Missouri on a probation revocation warrant. Oliver's probation was revoked that day, and his original 12-year sentence was executed. At all times relevant to his § 2241 petition, the projected maximum release date for Oliver's sentence has been November 4, 2023.

On June 17, 2015, Oliver was indicted by a grand jury sitting in the Western District of Missouri in Case No. 15-05020-03-SW-RK. He was brought into federal custody by the United States Marshals Service on June 25, 2015. His custody was transferred to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. He remained in federal custody via the writ through his August 19, 2016 sentencing in Western District of Missouri and was returned to the physical custody of the State of Missouri on October 5, 2016. Oliver's petition places his sentencing in August 2017, but this appears to be an error, as his judgment was entered in August 2016.

Oliver received credit against his state sentence for the entire period he was held by federal authorities pursuant to the writ of habeas corpus *ad prosequendum*. On March 14, 2017, the State of Missouri released Oliver on parole, and he was transferred to the custody of the U.S. Marshals and eventually to FCI-Greenville. In his petition, Oliver alleges that he is not receiving credit for time served between either June 17, 2015, when he was indicted, or June 25, 2015, when he was arrested by the U.S. Marshals, and his sentencing in federal court. He pursued administrative remedies through the Bureau of Prisons, including requesting that his state institution be retroactively designated as the location for service of his federal sentence. The BOP reviewed his sentence calculation

and declined to credit Oliver for time served before March 14, 2017, prompting Oliver to timely file the instant § 2241 petition.

## ANALYSIS

The Attorney General, through the Bureau of Prisons ("BOP") is responsible for administering federal sentences, including calculating credit for time served. *See United States v. Walker*, 917 F.3d989, 992-93 (7th Cir. 2019)(discussing *United States v. Wilson*, 503 U.S. 329)(1992)). Federal prisoners may challenge the BOP's computation of their sentences by filing a petition pursuant to 28 U.S.C. § 2241. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). While Oliver's petition is vague, when construed liberally, he appears to claim that he is being denied credit for time served between the date of his indictment and the date of his parole by the State of Missouri, though he also references other dates and events during that time period. As he did not receive credit for time served between his June 17, 2015 indictment and his release to federal authorities on March 14, 2017, the Court will consider whether Oliver is entitled to credit for time served for any portion of that time period.

Oliver claims that the calculation of his sentence is incorrect because his federal sentence was supposed to run concurrently with his state sentence, and he believes that he is entitled to credit for all time served since he was indicted on June 17, 2015, citing to *United States v. Setser*, 607 F.3d 128 (5th Cir. 2010). *United States v. Setser* addressed whether it was in the discretion of a district court to impose a federal sentence to run consecutively to an undischarged state sentence. The Fifth Circuit's ruling was affirmed

by the Supreme Court on appeal. In *Setser v. United States*, 566 U.S. 231 (2012), a federal sentence was imposed before two anticipated, yet-to-be-imposed state sentences. The district court judgment indicated that the federal sentence should run concurrent with one state sentence but consecutive to the other. The state court sentences, imposed after the federal sentence, ran concurrently to each other. *Id.* at 233-34. The Supreme Court found that the federal sentence was not unreasonable and held that a district court has discretion to order that a federal sentence run consecutively to an anticipated, yet-to-be-imposed state sentence. *Id.* at 244-45.

Unlike in *Setser*, Oliver's judgment is silent as to the question of consecutive or concurrent sentences. Unless the district judge imposing sentence orders otherwise, "[m]ultiple terms of imprisonment imposed at different times run consecutively" to each other. 18 U.S.C. § 3584(a). As a result of the silence in his judgment, Oliver's federal sentence was to be served consecutively to his previously imposed state sentence. 18 U.S.C. § 3584(a); *see also United States v. Jackson*, 546 F.3d 465, 472 (7th Cir. 2008)(sentences run consecutively "by default" when a court is silent on the issue), *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000)("the final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases"). To the extent that Oliver challenges that his sentence has been miscalculated because he is entitled to have his state and federal sentences run concurrently, the record before the Court demonstrates otherwise.

Similarly, Respondent suggests that Oliver may be challenging, in part, the failure by BOP to designate the state institution where he was held as the site for service of his

federal sentence, as the BOP may, but is not required to, do in certain circumstances. *See* BOP Program Statement 5160-05, *Designation of State Institution for Service of Federal Sentence* ("State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."). As discussed above, Oliver's federal sentence was not designated to run concurrently with his state sentence, so it was not erroneous for the BOP to decline to retroactively designate his state institution for service of his federal sentence when reviewing Oliver's challenge to the calculation of his federal sentence. *See also Romandine*, 206 F.3d at 738.

In the absence of evidence that Oliver's federal sentence was to run concurrently with his state sentence, the Court next considers when Oliver began to serve his federal sentence to determine whether he has received all the sentence credit he is due. The "BOP has authority to determine when a sentence begins to run, [but] its exercise of that authority is bound by the doctrine of primary custody … and by statute … ." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018)(internal citations omitted). Under 18 U.S.C. § 3585, the relevant statute, a "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The doctrine of primary custody adds that an "inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Pope*, 889 F.3d at 415 (citations omitted). As the Seventh Circuit explained, "[i]n general, the sovereign that first arrests a defendant takes primary custody over him.

5

The arresting sovereign retains primary custody 'until [it] relinquishes priority in some way.'" *Id.* (internal citations omitted)(quoting *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)).

When both § 3585(a) and the doctrine of primary custody are applied to Oliver's case, the record reflects that the BOP accurately calculated his sentence start date as March 14, 2017. Between June 25, 2015 and October 5, 2016, Oliver was being held by the U.S. Marshals Service pursuant to a writ of habeas corpus *ad prosequendum*. Controlling Seventh Circuit precedent is clear that primary custody does not transfer when custody is transferred temporarily pursuant to such a writ. *See Pope*, 889 F.3d at 412-13 ("Using this writ, a sovereign may transfer temporary custody of a prisoner in the custody of another sovereign, for the purpose of prosecution, without acquiring primary custody."); *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1987)("A writ of habeas corpus *ad prosequendum* enables a [jurisdiction] to take temporary custody of a prisoner confined within another jurisdiction.) As is the case with a writ of habeas corpus *ad prosequendum*, "[w]here the writ expressly requires the return of the prisoner to the 'sending' state, the sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." *Flick* at 781. (citing references omitted). As such, federal authorities did not have primary custody of Oliver during the period of his federal detention on the writ of habeas corpus *ad prosequendum*. Instead, Missouri retained primary custody from his arrest on the probation revocation warrant in February 2015 until March 4, 2017, when Oliver was paroled and transferred to federal custody for service of his federal sentence.

As to whether Oliver is otherwise entitled to credit for time served while he was in the primary custody of the State of Missouri, § 3585(b) describes how credit for time served before a sentence is commenced, as defined by § 3584(a):

(b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b)(emphasis added). The entire period of time Oliver addresses in his petition was credited to his state sentence. Because it has been credited against another sentence that did not run concurrently with his federal sentence, Oliver is not now entitled to credit for time served before his parole date by the State of Missouri. Having carefully reviewed the record, there is no indication that the BOP erred by failing to credit time served before March 2017 to Oliver's federal sentence. As such, Oliver's petition does not present a viable claim for relief under 28 U.S.C. § 2241.

## CONCLUSION

For the above-stated reasons, Sheldon John Oliver's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. This action is **DISMISSED with prejudice**. Oliver does not need a certificate of appealability to appeal. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). The Clerk of Court shall enter judgment and shall close this case.

**SO ORDERED.**

Dated: December 21, 2020

_____
DAVID W. DUGAN
United States District Judge